IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSE L. GUZMAN                        §
                                      §
VS.                                   §            C.A. NO. C-06-193
                                      §
NATHANIEL QUARTERMAN                  §

**ORDER DENYING PETITIONER'S**
**MOTION TO ALTER OR AMEND JUDGMENT**

Petitioner Jose L. Guzman ("Guzman") has filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 21). For the reasons stated herein, Guzman's Rule 59(e) motion is denied.

**I. BACKGROUND**

Guzman filed his § 2254 petition for habeas corpus relief on May 8, 2006 challenging as unconstitutional a prison disciplinary conviction that he claims resulted in his loss of forty-five (45) days earned good time credit and other privileges. (D.E. 1). On July 11, 2006, respondent filed a motion for summary judgment arguing that Guzman's constitutional rights had not been implicated, even if he lost good time credits, because he is not eligible for mandatory release. (D.E. 12, 13). On August 16, 2006, United States Magistrate Judge Brian L. Owsley entered a Memorandum and Recommendation recommending that respondent's motion be granted, and advising Guzman that he had ten (10) days to file objections to the recommendation. (D.E. 14). Guzman received notice of the recommendation on August 24, 2006. (D.E. 15). On August 29, 2006, Guzman filed a motion for extension of time to file a response to respondent's motion for summary judgment. (D.E. 16).

By order entered August 29, 2006, Magistrate Owsley noted that Guzman had acknowledged that the time for filing a response to respondent's summary judgment motion had passed, and indeed, a recommendation had been entered, and therefore, his motion for an extension of time to file a response to respondent's summary judgment motion was denied as moot. (D.E. 17). However,

Guzman was granted an extension of time to file objections to the recommendation.  Id.  On September 18, 2006, Guzman filed objections to the recommendation. (D.E. 18).  By order and final judgment entered September 21, 2006, the Court granted respondent's motion for summary judgment, denied Guzman's petition, and denied a request for a certificate of appealability ("COA"). (See D.E. 19, 20).

On September 28, 2006, Guzman executed the instant motion to alter or amend judgment. (See D.E. 21 at 5).

## II.  DISCUSSION

### A.     Rule 59(e).

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e).  Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000).   In this case, final judgment was entered on September 21, 2006, (D.E. 20), and petitioner's motion to alter or amend was executed on September 28, 2006. (D.E. 21 at 5). That is the earliest date he could have placed it in the prison mail system, and it is deemed filed as of that date.  Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).  Therefore, Guzman's motion is properly considered a Rule 59(e) motion to alter or amend judgment.

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).  A judgment may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law exists; (2) the movant uncovered new evidence that was reasonably unknown prior to the entry of the judgment or order in question; or (3) an intervening change in controlling law occurred.  Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).  When entertaining a motion to reconsider, the

2

court may also consider; (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered.  Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625 626 n. 1 (S.D. Miss 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  Id.

**B.     Analysis.**

In his motion to alter or amend trial, Guzman raises a single point of error: that he was not aware that he had the right to respond to respondent's motion for summary judgment, and that he did not respond.  (See D.E. 21 at 1).  Such an objection fails to satisfy Rule 59(e) grounds.

First, Guzman's assertion that he did not know that he had a right to respond is refuted by the record.  Paragraph 6 of the Order for Service of Process, (D.E. 4), a copy of which was served on Guzman, provides as follows:

> Respondent shall file any dispositive motions, including a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, within one hundred twenty (120) days after the date that respondent's answer is due.  **Petitioner) will respond to any motion filed by respondent within thirty (30) days of the date on which respondent mailed petitioner his copy of the additional pleadings, as shown by respondent's certificate of service.   Failure of petitioner to respond to respondent's motion within the time limit will, if appropriate, result in granting of summary judgment in favor of respondent.**

3

D.E. 4 at 2-3, ¶ 6 (emphasis added). Thus, the Order for Service of Process clearly states that Guzman has thirty days to file a response to any summary judgment motion.

The certificate of service to respondent's motion for summary judgment shows that respondent mailed a copy of the motion to Guzman on July 11, 2006. (D.E. 12 at 9). Thus, according to the Order for Service of Process, Guzman had thirty days, or until August 10, 2006, to file a response to the summary judgment motion, yet he failed to do so.

Despite not filing a summary judgment response, Guzman was granted an extension of time to file objections to the recommendation. (D.E. 18). Those objections were considered *de novo* by the Court. (See D.E. 19 at 1). His objections concerned alleged due process violations. As discussed in the recommendation, however, because Guzman is not entitled to mandatory release, a fact he does not dispute, he was only entitled to due process in the context of lost good time credits *if* he had a liberty interest in mandatory supervision. Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000). Because he is not eligible for mandatory supervision, the dismissal of his habeas corpus claims without discussion on the merits was appropriate.

### III.  CONCLUSION

Guzman has failed to establish manifest errors of law or fact or present newly discovered evidence as required in a Rule 59(e) motion. Accordingly, Guzman's motion to alter or amend judgment, (D.E. 21), is DENIED.

ORDERED this 13th day of November, 2006.

Janis Graham Jack
United States District Judge